IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL SALCEDO,

        Plaintiff,

v.                                                                                          1:25-CV-1920-RP

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

        Defendants.

## ORDER

Before the Court is Plaintiff Michael Salcedo's ("Plaintiff") Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction, (Dkt. 6). Plaintiff requests that this Court restrain a list of 101 Defendants ("Defendants"), (Dkt. 9-2), because, according to Plaintiff, they are acting in concert to infringe its trademarks. Because Plaintiff's allegations that Defendants are working in active concert are unconvincing to the Court at this time, the Court will deny Plaintiff's Motion without prejudice.

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Texas Express Pipeline, LLC*, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). The party moving for a TRO must establish that: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the [TRO] will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "A [TRO] is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir.

1

2008) (citation and quotation marks omitted). It is the burden of the party seeking the TRO to establish each of the four elements. *Miss. Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *see also Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

Because a TRO is extraordinary relief, and Plaintiff requests that the Court enjoin 101 defendants in a single TRO, the Court will carefully consider Plaintiff's joinder allegations. Under Federal Rule of Civil Procedure 20, defendants may "be joined in one action" if "any right to relief is asserted to them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." The Court will deny Plaintiff's motion without prejudice because Plaintiff's joinder allegations are insufficient and appear potentially inaccurate. Plaintiff alleges that "Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized/Infringing Goods in the same transaction, occurrence, or series of transactions or occurrences." (Am. Compl., Dkt. 5, at 11).

However, at this stage, Plaintiff's efforts to substantiate the assertion that these 101 Defendants are working in active concert fail. First, Plaintiff alleges that "e-commerce stores operating under the Seller Aliases often share unique identifiers" like "templates with common design elements," "same registration patterns," "accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images" that suggest "Unauthorized/Infringing Goods were manufactured by and come from a common source." (Am. Compl., Dkt. 5, at 10). However, despite having filed exhibits with the Court documenting the allegedly infringing products, Plaintiff nowhere identifies in those exhibits what those common features are that indicate a common source, so the Court cannot assess Plaintiff's claims. The Court also notes that the exhibits Plaintiff filed, (Dkts. 9-3 through 9-13), reveal that the allegedly infringing products in fact have a wide variety of price points, names, seller names, styles, and sales platforms, such that the Court

cannot presume the 101 Defendants are acting in concert based on these attributes alone. In fact, in its own review of the exhibits, the Court cannot identify a commonality among the images of the allegedly infringing products beyond the trademarked material itself, which does not, alone, show that Defendants are acting in concert with one another.

Second, Plaintiff bases its proposed joinder of Defendants in a common restraining order on the notion that "[e]-commerce store operators like Defendants are in regular communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits." (Am. Compl., Dkt. 5, at 11). Plaintiff does not suggest that these Defendants in particular use these websites or have acted in collaboration with one another, only that counterfeiters in general have avenues for doing so. Without more, this allegation is insufficient for this Court to presume that joining the 101 Defendants in a TRO is appropriate.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 6), is **DENIED WITHOUT PREJUDICE**. Specifically, Plaintiff's motion is denied without prejudice to refiling. In any re-filed Motion for a Temporary Restraining Order or Preliminary Injunction, Plaintiff must address the Court's above concerns. Also, in any re-filed Motion for a Temporary Restraining Order, Plaintiff must file a substantive proposed order including a background section, legal analysis, and requested relief.

Further, Plaintiff's Motion for Electronic Service of Process, (Dkt. 7), requests permission to electronically serve Defendants with a copy of the TRO. Because the Court has not granted a TRO, and Plaintiff seeks ex parte relief prior to notifying Defendants of its lawsuit, **IT IS FURTHER ORDERED** that Plaintiff's Motion for Electronic Service of Process, (Dkt. 7), is **DENIED WITHOUT PREJUDICE**.

**SIGNED** on December 30, 2025.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE