IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL SALCEDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-1920-RP |
| | § | |
| THE PARTNERSHIPS AND | § | |
| UNINCORPORATED ASSOCIATIONS | § | |
| IDENTIFIED ON SCHEDULE A, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court are Plaintiff Michael Salcedo's ("Plaintiff") Motion for Electronic Service. (Dkt. 13). After considering both motions, the supporting evidence, and the relevant law, the Court finds that the Motion for Electronic Service of Process should be granted.

## **I. BACKGROUND**

Plaintiff uses and is the owner of the federally registered trademark U.S. Registration Nos. 7,982,908 and 7,961,295 and common law trademarks corresponding to the same (the "Alphabet Lore Marks"). (Am. Compl., Dkt. 5, at 1). Plaintiff also uses and is the owner of the federally registered copyrights U.S. Registration Nos. PA0002382244 and VAu001541833 (the "Alphabet Lore Copyrights"). (*Id.*). Plaintiff brings this lawsuit to combat alleged online trademark and copyright infringement and counterfeiting of Defendants, who Plaintiff argues trade upon Plaintiff's valuable intellectual property including the Alphabet Lore Marks and Copyrights by selling, and/or offering for sale, unauthorized, unauthentic, and counterfeit products in connection with the Alphabet Lore Marks, as well as to stop and prevent Defendants' alleged selling of unauthorized products that use, are based on, and/or are derived from, the Alphabet Lore Copyrights through the use, manufacture, offer to sell, and sale of unauthorized and infringing products. (*Id.* at 2). Plaintiff

1

alleges that Defendants use and operate fully interactive e-commerce stores operating under the seller aliases identified in Schedule A to Plaintiff's Complaint, (Dkt. 5-3), to offer to sell or sell infringing products. (*Id.*). Plaintiff brings claims of trademark infringement and counterfeiting under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. §§ 106 and 501; and false designation of origin under 15 U.S.C. § 1125(a) against Defendants. (Compl., Dkt. 1, at 12–16). Plaintiff seeks a permanent injunction and damages. (*Id.* at 17–19).

## II. LEGAL STANDARDS

### A. Motion for Electronic Service of Process

Federal Rule of Civil Procedure 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018). Constitutional due process requires only that service of process provide notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *In re Kendavis Holding Co.*, 249 F.3d 383, 386 (5th Cir. 2001).

A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by the methods enumerated under subsections (f)(1) and (f)(2) before petitioning the Court for 4(f)(3) relief. *See Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 WL 3270832, at *3 (W.D. Tex. June 17, 2020); *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014). The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court. *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6-20-CV-00952-ADA, 2021 WL

2870679, at *3 (W.D. Tex. July 8, 2021); *Buffer v. Grupo Radio Centro, S.A.B. de C.V.*, No. EP-10-CV-364-DB, 2011 WL 13238336, at *1–2 (W.D. Tex. Mar. 3, 2011).

### III. DISCUSSION

### A. Motion for Electronic Service of Process

Plaintiff alleges that it "has good cause to suspect that Defendants are all residents of China, Hong Kong, or other foreign countries." (Mot. Electronic Service Process, Dkt. 18-1, at 3). The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing current contracting states).

The Hague Convention does not specifically preclude service by e-mail and internet publication. Further, where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or internet publication. *See WSOU Invs.* 2021 WL 2870679, at *4 (service of process by e-mail on a Chinese defendant not prohibited by the Hague Convention because China has not expressly objected to e-mail service of process); *Document Operations LLC v. AOS Legal Techs.*, No. 4:20-CV-1532, 2020 WL 6685488, at *3 (S.D. Tex. Nov. 12, 2020) (service by email not prohibited by the Hague Convention because the signatory nation has not specifically objected to service by regular mail or email). Therefore, here, service by e-mail and web publication are not prohibited by international agreement.

A court acting under Rule 4(f)(3) is therefore free to order alternative means of service where a signatory nation has not expressly objected to those means. *Gurung v. Malhotra,* 279 F.R.D.

215, 219 (S.D.N.Y. 2011); *WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014). China has not objected to service by e-mail or internet publication. While China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels, it has not expressly objected to service via e-mail or publication. Accordingly, service by these means does not violate an international agreement.

Additionally, the Hague Convention does not apply "where the address of the person to be served with the document is not known." *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Art. 1, https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf. Here, Plaintiff's attorney has sworn that "[a]n investigation of the e-commerce stores operating under Seller Aliases identified in Schedule A to the Complaint revealed that few, if any, provide a physical address on the e0commerce store." (Hastings Declaration, Dkt. 6-2, at 2). Thus, even if the Hague Convention does prohibit email service on defendants in China, that prohibition would not apply here.

Finally, due process is not offended. E-commerce stores communicate with their customers through e-mail addresses or other forms of electronic communications, rather than by mail or in person. (*Id.* at 1). Service by electronic means is therefore the most likely means of communication to reach Defendants. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) ("Considering the facts presented by this case, we conclude not only that service of process by email was proper—that is, reasonably calculated to apprise [Defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [Defendant]."). Thus, service of process via electronic messaging and electronic publication is reasonably calculated to apprise Defendants of the pendency of this action, whereas traditional service of process methods would be unlikely to provide Defendants with prompt notice of this

4

action. The Court will therefore grant Plaintiff's motion and exercise its discretion to allow service on Defendants through electronic means.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's Motion for Electronic Service of Process, (Dkt. 13), is **GRANTED**, as follows. Plaintiff may provide notice of the proceedings in this case to Defendants, including notice of the amended complaint, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the amended complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

**SIGNED** on April 17, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

5